Julio-Victor: Llanos
Injured Third Party Intervenor,
651 Templeton Avenue
Daly City, California
Zip Code Exempt
[DMM 122.32] as amended

MJJ

**district court for the United States**
**In Care of THE UNITED DISTRICT COURT**
**DISTRICT OF CALIFORNIA**

**JULIO V. LLANOS**
Sramineus Homo, US Vessel
**Libellant,**

V.

INDY MAC BANK, US Vessel
DOES, ROES, and MOES 1 -100 et al,
US Vessel sand

**Libellees,**

Julio-Victor: Llanos
Lien Holder of the Vessel, the Real Party
In Interest, Lawful Man
**Injured Third Party Intervener/Petitioner/**
Libellant,

V.

INDY MAC BANK, U.S. Vessel,
DOES, ROES, and MOES 1 -100 et al
**US VESSELS**
**INDIVIDUALLY AND SEVERALLY**
**Third Party Defendants/Libellees**

CV 08 0533 Case # Within the Admiralty

**PETITION FOR**

**LIBEL OF REVIEW**

**OF AN**

**ADMINISTRATIVE JUDGMENT**

COMMERCIAL AFFIDAVIT IN FACT

FOR AND ON THE RECORD:

THE COURT TAKES JUDICIAL NOTICE WITHIN THE ADMIRALTY OF THE SUM CERTAIN OF THE FACTS AND STATEMENTS HEREIN

**JURISDICTION**

COMES NOW Claimant/Libellant, Julio-Victor: Llanos, an injured party, hereinafter referred to as the Claimant, without counsel, by Restricted, Special Appearance, pursuant to Special Procedures in Admiralty, Rule E (8), and at no time waives any protections within the Admiralty, filing this Petition, for Judicial Review of an Administrative Judgment pursuant to Rule 57 FRCP.

Pursuant to **TITLE 28; PART VI; CHAPTER 151 § 2201**

**§ 2201. Creation of remedy**

**a**. In a case of actual controversy within its jurisdiction.

A. 28 USC § 1331; There is a Federal question.

B. 28 USC § 1332; Diversity of Citizenship.

C. 28 USC § 1333; Admiralty, Maritime, savings to suitors.

D. 28 USC § 1337; Commerce.

1. Claimant petitions this court for a **Review of Foreign Judgment** documents entered into the Case Number .

2. This Court is an Admiralty Court and the injured party, petitioner/Claimant sets this action and files this action with the Court Clerk "within the admiralty" pursuant to Special Procedures in Admiralty #Rule E (8), and is appearing in Restricted Appearance.

3. Libellee(s)/Respondent(s) have made false claims and this Libel of Review and Notice of Lis Pendens are now in the "original exclusive cognizance" of the United States through the district court - see the First Judiciary Act of September 24, 1789, Chapter 20, page 77.

4. Jurisdiction, in international law and according to the law of the land, agents of a foreign principal are required to file any pretended claim in the appropriate district court prior to exercising rights to that claim. The district courts have "exclusive original cognizance" of all inland seizures and this includes vessels in rem (Rule C (3)) such as trust organizations and legal names, Ens legis; JULIO V. LLANOS.

5. Petitioner Julio-Victor: Llanos, Libellee, INDY MAC BANK and Co-Parties DOES, ROES, and MOES 1-100 et al, ... within their respective districts, as well as upon the high seas; (a) saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it; and shall also have exclusive original cognizance of all seizures on land,..." The First Judiciary Act September 24 1789 Chapter 20, page 77. The Constitution of the United States of America, Revised and Annotated - Analysis and Interpretation - 1982; Article III, §2, Cl. 1 Diversity of Citizenship, U.S. Government Printing Office document 99-16, p. 741 and 26 USC 1331.

6. Petitioner Julio-Victor: Llanos, unknown INDY MAC BANK agents," ... within their respective districts, as well as upon the high seas; (a) saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it; and shall also have exclusive original cognizance of all seizures on land,..."

4. The First Judiciary Act; September 24, 1789; Chapter 20, page 77. The Constitution of the United

States of America, Revised and Annotated - Analysis and Interpretation - 1982; Article III, §2, Cl. 1 Diversity of Citizenship, U.S. Government Printing Office document 99-16, p. 741 and 26 USC 1331.

5. This fact of protocol - filing a claim in district court according to international law - is beyond dispute and extends into antiquity:

> "Meanwhile those who seized wreck ashore without a grant from the Crown did so at their peril." Select Pleas in the Court of Admiralty, Volume II, A.D. 1547-1602; Introduction - Prohibitions, Note as to the early Law of Wreck, Selden Society, p. xl, 1897.

6. The Constitution for the United States recognizes the protocol: i.e.,

> ART. III
>
> Section 2. The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority;--to all cases affecting ambassadors, other public ministers and consuls;--to all cases of admiralty and maritime jurisdiction;--to controversies to which the United States shall be a party;--to controversies between two or more states;--between a state and citizens of another state;--between citizens of different states;--between citizens of the same state claiming lands under grants of different states, and between a state, or the citizens thereof, and foreign states, citizens or subjects.

7. Libellee(s), Unknown INDY MAC BANK Agent(s) are agent(s) of a foreign principal, a "foreign state" defined at Title 28 of the United States Codes §1603, and Title 22 U.S.C. §611.

8. The district court for the District of California, Northern Division, has acquired exclusive original cognizance of this Libel of Review for the United States because this is a federal question - a constitutional matter involving a man on the land complaining about theft and kidnap - Title 18 U.S.C. §§ 661 and 1201 respectively and irregular extradition from the asylum state into the United States custody, treason - Constitution, Article III §3 and Title 18 U.S.C. §2381 by an agent of a foreign principal, creating diversity of citizenship - Title 28 U.S.C. §§1331 and 1333 respectively. The presentments (notification) are arbitrary and capricious clearly implying that if Petitioner fails to comply with the suggested terms there will be "law enforcement" actions by way of inland seizure. Speaking historically, the districts, formed in 1790 for handling the financial obligations of the United States could not come into existence until after formal expression of remedy in the 'saving to suitors' clause (1789) quoted above and codified at Title 28 U.S.C. §1333.

9. The only excuse for the discretionary authority granted administrative agencies is the judicial oversight demonstrated in this invocation of an Article III court.

10. Law of the flag: Man is created in the image of God and to reduce a man to chattel against the national debt is an affront to God. Exodus, 13:16 and Genesis 1:27.

11. All Court Officers are not immune "within the Admiralty", and are accountable for their actions pursuant to The FOREIGN SOVEREIGN IMMUNITY ACT 28 U.S.C. § 1605. Any foreign sovereigns are liable

for damages while doing business in the United States. This provision has application since the foreign sovereign – the judges, clerks, etc. – operate on the behalf of a defacto foreign fiction government. Officials are liable for the damages that they commit while doing business in the country.

12. This court is open for admiralty issues and in this instant action. It is a debt obligation and insurable interests that are issues in admiralty.

13. This action of the injured party, petitioner/libellant/Claimant is protected pursuant to the Suits in Admiralty Act, 46 U.S.A. Codes, Appendix, Chapter 20 §§ 742-749.

14. THE SUITS IN ADMIRALTY ACT is a law where the United States and its co-parties specifically waives its immunity in three situations: (1), If the Admiralty suit involves a vessel of the United States (Man's body is named in the action), (U.S. citizen Vessel) (Name in all upper case of the vessel) and (2), Cases that involve cargo belonging to the U.S. and its co-parties. Within the context of this instant action, when the cargo [the paperwork, or lawsuit] of the United States and its co-parties harms us, the United States gives us a blanket waiver of immunity, or (3), if the United States could be sued in the Admiralty if it were a private party, if we are going into an international jurisdiction, (a set aside, fenced territory) every time we go into the Court, we are entitled to sue the United States and its co-parties in the Admiralty as if it were a private party. The cargo is the docket file and the lawsuit and Clerks/Warrant Officers and Judges/Masters are not immune if the cargo is not directed into the Admiralty Court.

15. In this instant action all parties are U.S. VESSELS and fit the legal definition of a U.S. Vessel.

16. The Court Officers/ Master/ Mariners are liable if they mislead/mis-deliver this action into the wrong Court and the law provides for criminal penalties for compliance failures.

17. The Public Vessels Act is applied in this instant action and waives the Court Officer's Immunities pursuant to Title 46 U.S.C. Ch. 22 § 781 and The Bills of Lading Act, Title 49 U.S.C., Ch. 147 § 14709, Title 49 U.S.C. Chapter 801 § 80113.

18. The cargo is shipped via the U.S. Postal Service and all parties are subject to the Postal Codes in this instant action.

19. The Bills of Lading Act includes a criminal penalty because the losses suffered by the customers of the shippers can be very great. I use a Bill of Lading/Petition/Complaint in all of my lawsuits. This presentment fits the criteria for a Bill of Lading, meeting all the facts enclosed in any Bill of Lading. The Bill of Lading describes the cargo (the lawsuit), and tells the Court Clerk to carry the suit into the Admiralty Jurisdiction of the Court. The Clerk is a PUBLIC VESSEL and the CARRIER, being a vessel of the United States and its co-parties. This Bill of Lading identifies the cargo as the lawsuit, by describing the suit's postal registry number, which is Registered Mail # RB 465343632 US.

20.    The Bill of Lading creates a liability for which the damaged party can recover in a suit if the documents are diverted into another venue. If a carrier is found wanting in due diligence concerning the delivery of the cargo, the liability attaches at the time of the diversion of the documents. The Bill of Lading therefore takes away the immunity of Clerks/Warrant Officers and   Judges/Masters,  if  the  cargo  is  not  delivered  into  the Admiralty Court, and adds criminal penalties for compliance failures. Title 49 U.S.C., Ch. 801 § 80116.

21.    The  Admiralty  Extension  Act,  Title  46  U.S.A.  Appendix,  Ch  19-A  §  740,  extends  the admiralty jurisdiction inland. All states by law have access to the sea. Therefore any land locked  country has an easement, so to speak, across other countries in order to get to the sea. All states   have       an       admiralty jurisdiction in all of their courts.

## RESTRICTIONS

24.  The  Libellee/Respondents  were.  estopped  by  the  "DOCTRINES  OF  ESTOPPEL"  by "AGREEMENT/CONTRACT"  and  by  "ESTOPPEL  BY      ACQUIESCENCE".  The  Third  Party Libellees/Defendants were forever barred from arguing and controverting the    issues        of        the "CONTRACT/CLAIMS" and are bound strictly in their prove up of their response by     Affidavit,    point for point, under their unlimited liability Commercial Oath and Verification,       "within the Admiralty". Failure in confining their position and submissions, oral or written, before         this   court   finds   them   in   Commercial Trespass and Breach of their Contract. This AGREEMENT/ CONTRACT   is     protected    pursuant    to    US Constitution, Article I Section 10, and the D.C. Codes        in      regarding      "THE      IMPAIRMENT      OF CONTRACTS".

25. The Libellees/Respondents have received Notice of Default, and therefore, is they make or     have made a hostile presentment before this court, in writing, they are subject to the provisions of F.R.C.P. RULE 9 (h), leading to the Supplements of the Rules of Admiralty, which provides for those who are found in Trespass after a Default are subject to a Certificate of Exigency, which is filed with the Clerk of the Court/Warrant Officer, for an immediate warrant for their arrest.

## FACTS

a)    The  injured  party  petitioner/libellant/Claimant,  exhausted  his  Administrative  Remedy  and served the Libellee/Respondent, INDY MAC BANK, a Conditional Acceptance of their claim upon submitting Proof of claim.

b)    The injured party petitioner/libellant/Claimant served, in Honor, a Letter Rogatory to      show their documents of their claim.

c)    The  injured  party  petitioner/libellant/Claimant  served  an  Affidavit,  by  this  injured  party declaring, Affiant had not seen or been presented with any material fact or evidence of a claim and believed none exists..

d)    The above three (3) documents were served by First Class U.S. Mail, Certified Mail # 7006 3450 0001 2039 5487, Return Receipt Requested on the Libellee/Respondent, INDY MAC BANK on August 23, 2007 by

Shashi Seth a Notary Public of the State of California, an independent third party.

e) The respondent received the documents on August 26, 2007 ad indicated by the US. Postal Service Tracking Number.

f) Respondent was given the mandatory 3 days to respond, not including the day of receipt, and 3 additional days for mailing their reply.

g) The time expired on September 1, 2007 with no response from the Respondent.

h) On or before September 17, 2007, a NOTICE OF FAULT – OPPORTUNITY TO CURE was served by First Class U.S. Mail, Certified Mail # 7006 3450 0001 2035 3814, Return Receipt Requested on the Libellee/Respondent, INDY MAC BANK.by Shashi Seth, a Notary Public of the State of California, an independent third party.

i) Respondent was given the mandatory 3 days to respond, not including the day of receipt, and 3 additional days for mailing their reply.

j) The time expired on September 24, 2007 with no response from the Respondent

k) On or before October 19, 2007, a NOTICE OF DEFAULT an DERTIFICATE OF DISHONOR, by NOTORIAL PROREST, was served by First Class U.S. Mail, Certified Mail # 7007 0220 0001 6757 8835, Return Receipt Requested on the Libellee/Respondent, INDY MAC BANK by Shashi Seth, a Notary Public of the State of California, an independent third party.

l) On October 16, 2007, the Libellee/Respondent, INDY MAC BANK was sent an INVOICE and NOTICE FOR DEMAND AND SETTLEMENT FOR CLOSING OF THE ESCROW by Registered Mail # 7007 0220 0001 6757 8835.

m) The respondent received the documents; INVOICE and NOTICE FOR DEMAND AND SETTLEMENT FOR CLOSING OF THE ESCROW on October 19, 2007

n) Libellee/Respondent, INDY MAC BANK was given 30 days for Settlement and for Closing of the Escrow.

0) The 30 days expired on November 23, 2007 without a response from the Libellee/Respondent INDY MAC BANK.

p) The Libellees/Respondents failed to respond and answer and are in Collateral Estoppel, Tacit Procuration, Stare Decisis, Estoppel, by Acquiescence and Res Judicata by Agreement and cannot proceed, Administrative or Judicial without committing perjury and causing further injury to the injured party petitioner/libellant/Claimant

q) The Libellees/Defendants can not obtain a dismissal or summary judgment without sworn competent witness testimony and can not do so because they are estopped by their own actions and inactions and any attempts to appear are a hostile presentment before this Court and are further culpable.

r) There is no controversy from any party that stands, and this Court is mandated to enforce the Agreement/Contract and grant the relief as sought in the Accounting and True Bill, or they are found in violation of the impairment of contracts pursuant to Article 1, § 10 of the United States Constitution and the D.C. Codes IN FACT, and that;

s) If the court attempts to dismiss the injured party petitioner/libellant/Claimant's claim, it is a VOID JUDGMENT pursuant to FRCP 60 (b)(4) STATEMENTS OF COUNCIL IN BRIEF OR IN ARGUMENT ARE NOT SUFFICIENT FOR **A MOTION TO DISMISS OR FOR SUMMARY**

**JUDGMENT** Trinsey V. Pagliaro D.C. Pa (1964), 229 F. Supp 647 for lack of subject matter jurisdiction and judicial misconduct and Scienter Criminal Act without immunity.

t) Any attempts by anyone to trespass the injured third party petitioner/libellant, intervenor's claim Agreement/Contract is committing Criminal Barratry and Piracy on the high seas of Admiralty law.

u) The injured the injured party petitioner/libellant/Claimant's holds a priority commercial claim against the debtor named JULIO V. LLANOS , Stramineus Homo, A U.S. Vessel by legal definition, and no one has an insurable interest other than the injured the injured party petitioner/libellant/Claimant.

v) Because the claim is filed on parties within an insolvent state and nation, there is an insurance interest issue in this instant action and that Unknown Agents dbf INDY MAC BANK, US VESSEL, have insured this case and/or bonded under their Errors and Omissions Insurance Policy; they are found in insurance fraud, mail fraud, wire fraud, and conspiracy to commit such, and undue enrichment, fraud, and numerous other Scienter Acts, including, but not limited to, Continuous Torts.

w) The risk management for the INDY MAC BANK is under notice that there is continuous irreparable harm and damage to the injured party petitioner/libellant/Claimant's and the bonds and insurance in this instant action belong to the injured the injured party petitioner/libellant/Claimant's, and the substitute plaintiff trustee/third party co-Libellee Agents, US VESSEL are the obligated party(ies) and do surrender their Public Hazard Bond and risk management by taking such risks in promulgating this instant action in bad faith and fraud and causing an injury in the Public.

x) The injured party petitioner/libellant/Claimant' is the Holder in Due Course of the US Vessel and its Trade Name by security agreement.

y) The court takes JUDICIAL NOTICE that the conclusive evidence is entered into evidence before the court attached to this pleading as though fully incorporated thereof and is found under the heading: ADMINISTRATIVE REMEDY.

z) The court takes JUDICIAL NOTICE that the conclusive evidence is now entered into Case Number and submitted to this court and attached to this pleading and is found under the heading ADMINISTRATIVE REMEDY, which is conclusive evidence that the Injured Third Party Intervenor/Libellant is the superior lien holder of the US VESSEL and TRADE NAME registered as JULIO V. LLANOS.

## CONCLUSION

1. That the Injured Party/Libellant is demonstrating to this court that he holds in due course the conclusive evidence perfected in Administrative Law that without a doubt or reservation he is the holder in due course of the CLAIM/AGREEMENT/CONTRACT and holds the BOND pursuant to the Uniform Commercial Code.

2. The Third Party Defendants/Libellees failed to state a claim by which relief can be granted pursuant to FRCP 12 (b) (6).

3. Failure of this court to enter and execute DECLARATORY JUDGMENT BY ESTOPPEL in favor of Injured Third Party Intervenor/Libellant is a denial of due process and equal access to justice and creates

another injury in the public and enlarges the SUM CERTAIN an amount to be determined by a jury, compensatory and punitive..

**RELIEF SOUGHT**

A. That the AGREEMENT/CONTRACT be enforced as the third party/defendants/libellees are in trespass and violation of the AGREEMENT/CONTRACT and have failed to state a claim upon which relief can be granted.

B. That the Court enforce the Administrative findings in the perfected agreement and the order of relief by enforcement of the Agreement/Contract and the accounting and true bill found in the INVOICE for injury against and sustained by the injured third party petitioner/libellant, intervenor; compensatory damages and punitive damages pursuant to CLEOPATRA HASLIP et al. v. PACIFIC MUTUAL LIFE INSURANCE, INC. 499 U.S.1, 113; Fed 2d 1, 111 § 1032, with a sum certain of $13,294,944.00 USD, to be paid in full by the third party libellees by February 25, 2008 will apply to original Libellees and any other DOES, ROES and MOES who trespass the AGREEMENT/CONTRACT JUDGMENT BY ESTOPPEL.

C. That the court order, cancels any and all liens that INDY MAC BANK has recorded against JULIO V. LLANOS, US CESSEL, of derivatives of the Eng Legis, thereof at the Maricopa County Recorder and/or the California Secretary of State, UCC Section.

D. That the court order a Data Integrity Board and Comptroller of the Currency Investigation pursuant to 5 U.S.C. 552(a)(d) for this instant action.

E. That the Court Clerk/Warrant Officer enforce any Certificates of Exigency for any and all hostile presentments appearing in this court, written or oral, after the default found in the Administrative Law Process, is a Criminal Act, and a Certificate of Exigency is filed with the warrant officer/court clerk, which mandates a warrant of arrest for all parties now found in criminal acts according to the provisions "within the admiralty."

F. Any other relief deemed appropriate by this Court.

And further Affiant Sayeth Naught

By ____________________, affiant
Julio-Victor: Llanos

**COMMERCIAL OATH AND VERIFICATION**

San Mateo County )
) Commercial Oath and Verification
State of California )

Libellant, Julio-Victor: Llanos, under his Commercial Oath with unlimited liability proceeding in good faith, being of sound mind states that the facts contained herein are true, correct, complete, certain and not misleading. I speak the truth, the whole truth and nothing but the truth so help me God.

Julio-Victor: Llanos, Creditor Libellant/Affiant

State of California )
) ss
San Mateo County )

Subscribed before me, ______________________ a Notary Public, this ________day of

______________________, 2007

______________________
Notary

State of California, County of SAN MATEO
Subscribed & sworn to (or affirmed) before me
on this 18 day of JAN, 2008,
by JULIO VICTOR LLANOS
proved to me on the basis of satisfactory evidence
to be the person(s) who appeared before me.

Signature ______________ (Seal)

SHASHI SHETH
Commission # 1618359
Notary Public - California
San Mateo County
My Comm. Expires Nov 30, 2009

**CERTIFICATE OF SERVICE**

1. On this ________day of January, 2008 I served the Petition for Judicial review of Administrative Judgment, by Registered Mail Number RB 465 343 632 US, by U. .S. Mail to the following:.

INDY MAC BANK
P.O. BOX 78826
PHEONIX, AZ 85062-8826

'I certify under penalty of perjury under the laws of the United States of America that the foregoing is true, correct, complete and not misleading.

Executed on this _____th day of January, 2008

______________________________
Shashi Seth, Notary

Julio Victor Llanos
~~c/oO Box 65~~ 651 templeton Ave J.LL.
~~Breekenridge, Minnesota~~ Daly City CA.
Zip Code Exempt
[DMM 122.32] as amended

INDYMAC BANK
P.O. BOX 78826
PHEONIX, AZ 85062-8826

August 21, 2007

# NOTICE

# CONDITIONAL ACCEPTANCE

## Administrative Procedures Act, 5 USC § 552a seq.

When determination of the constitutional issue depends on factual determinations, they should be made first by the administrative officials who are especially equipped to inquire, in the first instance, into the facts." Roadway Express v Kingsley, 179 Atlantic 2d 729, 732.

### ADMINISTRATIVE PROCESS

"Held, that the constitutionality of an agency's procedure may be challenged in a judicial reviewing court without first challenging in the agency and without first exhausting administrative remedies on the questions." Mathews v Eldridge, 424 US 319 (1976)

However, Claimant believes that because it is a sharp departure from previous law and in certain respects, contrary to the clear words before it, Claimant has exhausted his administrative remedy, as the historical holdings are clearly cut as to demanded procedure.

"Administrative exhaustion is demanded where constitutional challenge is to the statute as applied by the agency". Matters v City, 219 NW2d 718

"Where the challenge is to the statute administered, the exhaustion requirement does serve a useful purpose. The courts should not rule that a statute is unconstitutionally administered when the 'available avenues of administration has not been explored." Metcalf v Swank, 444 F.2d 1353, 1357 (7th Cir 1971), vacated on other grounds, 406 US 1114 (1972)

"When determination of the constitutional issue depends on factual determinations, they should be made first by the administrative officials who are especially equipped to inquire, in the first instance, into the facts." Roadway Express v Kingsley, 179 A.2d 729, 732

### HISTORY OF CASE DEMANDS ADMINISTRATIVE PROCESS

An Administrative process is vital on this matter as Claimant became an aggrieved party suffering legal wrongs. No administrative hearing or record of facts, of the matter for review, or issues for review were extant. Claimant has now been heard and has exhausted his Administrative Remedy.

Before a matter may be reviewed, a record of the Administrative Remedy proceedings must be established on the record.

The question now becomes; is INDYMAC BANK an agency of government?

Pursuant to 31 CFR 202.0, it is stated, that any bank that deals in public money, the bank is actually an agency of the UNITED STATES, meaning the bank must comply with 5 USC 552a just like any other governmental agency.

*Davis vs. Elmira Savings,* 161 U.S. 275, at 283 (1896) "National banks are instrumentalities of the Federal Government, created for a public purpose, and as such necessarily subject to the paramount authority of the United States." *Anderson National Bank vs. Luckett,* 321 U.S. 233, at 252 (1943 *Marquette National Bank vs. First of Boston,* 439 U.S. 308 (1978)

**INSTRUMENTALITY RULE**

"Under this rule, corporate existence will be disregarded where a corporation (subsidiary) is so organized and controlled and its affairs so conducted as to make it only an adjunct and instrumentality of another corporation (parent corporation), and parent corporation will be responsible for the obligations of its subsidiary.
The so-called "instrumentality" or "alter ego" rule states that when a corporation is so dominated by another corporation that the subservient corporation becomes a mere instrument and is really indistinct from controlling corporation, then the corporate veil of dominated corporation will be disregarded, if to retain it results in injustice." Black's Law Dict., Abridged Sixth Edition

Julio Victor Llanos is attempting to settle the disputed claim that INDYMAC BANK purports to have in the transaction involving INDYMAC BANK'S Account Number 3002497976 between INDYMAC BANK and Julio Victor Llanos .

**CONDITIONAL ACCEPTANCE**

Therefore; I, Julio Victor Llanos , do hereby conditionally accept the purported loan under INDYMAC BANK'S Account Numbers 3002497976.

The presenter, INDYMAC BANK, drafting the undersigned to "AFIRM A DEBT", does NOT constitute a claim of a debt owing.

Said document, Unsigned, apparently, no one having the standing to either validate the debt or make any claims issued by the LOAN STATEMENT.

Since the 'LOAN STATEMENT', INDYMAC BANK;S ACCOUNT NUMBER 3002497976, hereinafter referred to as; 'LOAN STATEMENT', were unaccompanied by an affidavit, by alleged 'claimant' attesting it as true, correct, complete, and not misleading. Said 'LOAN STATEMENT' are stamped and conditionally accepted and attached hereto as Exhibit A -1.

Please take notice of the Conditionally Accepted attachment hereto, affixed as Exhibit A, which appear to be an unsubstantiated attempt to affirm the existence of a 'debt' in the absence of a certificate of claim, indicating the charges will be honored upon INDYMAC BANK'S production of evidence that there is a dispute as to certain facts, as the undersigned has no knowledge as to why a corporation would proceed with the knowledge that (1) insufficient notice of a debt owing was provided; (2) exculpatory and material evidence, in the possession of a party to the action, is excluded from consideration because the party was NOT noticed of a hearing date, and was prevented from requesting a certificate of claim from the alleged injured or damaged party, (3) no sufficient process of service was received, and agents of INDYMAC BANK sent documents through the U.S. MAILS without conducting the mandatory inquiry prescribed by law. The undersigned, further, is unaware of having any contract with the 'Plaintiff in the instant action, or of presenting the plaintiff with any information which would enable the plaintiff to testify upon personal knowledge, and which would eliminate 'Plaintiffs' collusion to enable unjust enrichment via fraud. Therefore, the following terms are requested before the undersigned can determine whether or not to subordinate the undersigned's priority lien in favor of an unsubstantiated claim.

The conditions, which require satisfaction, prior to full acceptance, are:

1. Proof of claim that Julio Victor Llanos is obligated to perform to your demands.

2. Proof of claim that Julio Victor Llanos is the party receiving the value alleged as exchanged.

3. Proof of claim that Julio Victor Llanos and INDYMAC BANK had a meeting of the minds regarding the waiver of notice of protest.

4. Proof of claim that Julio Victor Llanos voluntarily waived notice of protest.

5. Proof of claim that Julio Victor Llanos was notified of a dishonor.

6. Proof of claim that the "LOAN STATEMENT" are not an attempt to defraud said party in order `to avoid conducting a costly investigation for the truth.

7. Proof of claim that the charges delineated in the "LOAN STATEMENT", aren't an attempt by an agent of a defrauding party to assign blame for an act NOT committed by the purported 'debtor', in order to avoid conducting the inquiry mandated by law.

8. Proof of claim that the charges delineated in the "LOAN STATEMENT", isn't an attempt by an agent of a defrauding party without first hand knowledge, and upon hearsay, to presume the undersigned owes a debt.

9. Proof of claim that Julio Victor Llanos received goods, services, or other benefits from the true creditor, for whom you, INDYMAC BANK, purport to be.

10. Proof of claim that INDYMAC BANK can and is willing to produce the original instrument contract Julio Victor Llanos is alleged to have created that makes him liable.

11. Proof of claim that INDYMAC BANK can and is willing to demonstrate the original instrument, which Julio Victor Llanos is alleged to have created, has not been endorsed over to other parties each time, if said instrument has changed hands.

12. Proof of claim that the original instrument, which Julio Victor Llanos is alleged to have created has not been endorsed over to a GSE (Government Sponsored Enterprise).

13. Proof of claim that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that the application Julio Victor Llanos is alleged to have created, isn't a security agreement.

14.    Proof of claim that Julio Victor Llanos 's signature is on the original instrument Julio Victor Llanos is    alleged to have created.

15.    Proof of claim that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that the amount limit on the application isn't a line of credit.

16.    Proof of claim that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that the amount limit on the application isn't the amount of the bond behind the security.

17.    Proof of claim that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that the amount limit on the application isn't a line of credit, indicating that a third party is prepared to guarantee the 'applicant' is good for up to that amount.

18.    Proof of claim that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that the bond underwrites the creation of the funds.

19.    Proof of claim that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit.

20.    Proof of claim that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit, which INDYMAC BANK can use whatever the 'applicant' does not' use'.

21.    Proof of claim that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit, which INDYMAC BANK uses for investments on return.

22.    Proof of claim that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that INDYMAC BANK isn't the trustee on the account.

23.    Proof of claim that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that INDYMAC BANK does not profit from the signature of the security agreement.

24.    Proof of claim that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that INDYMAC BANK does not profit from the investments on the secured line of credit 'granted' by the application.

25.    Proof of claim that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that INDYMAC BANK does not profit from the signature of the security agreement.

26.    Proof of claim that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that the merchandise is merely the premium to induce the purchase of the debt.

27.    Proof of claim that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that if the application Julio Victor Llanos is alleged to have created, is produced, that the party possessing said instrument, isn't required to give up the line of credit.

28.    Proof of claim that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that if the application Julio Victor Llanos is alleged to have created, is produced, that the party possessing said instrument, isn't still using the line of credit, while INDYMAC BANK is demanding payment.

29.   Proof of claim that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that the INDYMAC BANK isn't required to provide Julio Victor Llanos with the amount Julio Victor Llanos has paid in, to date.

30.   Proof of claim that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that INDYMAC BANK cannot admit that Julio Victor Llanos has paid something to INDYMAC BANK, to date.

31.   Proof of claim that Julio Victor Llanos willingly and knowingly accepted, or intended to accept extraordinary admiralty benefits for which you, your agency, or anyone at your agency, purport to collect.

32.   Proof of claim that the INDYMAC BANK is prepared to identify the true creditor.

33.   Proof of claim that the 'claims' made by INDYMAC BANK is predicated upon the verified claims of the true creditor 'claimant', as true, correct, complete, and not misleading.

34.   Proof of claim that the 'claims' made by the INDYMAC BANK is predicated upon the verified claims of the true creditor 'claimant', and not the presumptions of the collection agent, unless said agent verifies that he/she can validate the ' claims' as true, correct, complete, and not misleading, under his/her/its full commercial liability.

35.   Proof of claim that the purported protest assessed against the party allegedly in dishonor, was predicated upon something other than said dishonor.

36.   Proof of claim that the purported protest assessed against the party allegedly in dishonor, was predicated upon something other than said dishonor, namely the 'substantive claim'.

37.   Proof of claim that the purported protest assessed against the party allegedly in dishonor, was preceded with an opportunity to cure said dishonor, prior to the making of said demand, unless a waiver of notice of protest can be produced.

38.   Proof of claim that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, said 'protest' is permitted, in law, to **occur in secret**.

39.   Proof of claim that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, said 'protest' is permitted, in law, to **underlie the filing of an any claim, once the dishonor is cured**.

40.   Proof of claim that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, said 'protest' is permitted, in law, to proceed , in the absence of evidence of disclosure the notice of dishonor/protest was waived.

41.   Proof of claim that there was a meeting of the minds between the undersigned and the alleged 'claimant' as to the notice of dishonor/protest.

42.   Proof of claim that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, the drafter of the 'LOAN STATEMENT' is not required to re-draft purported 'claimant' for an affidavit, true, correct, complete, and not misleading, stating a claim.

43.   Proof of claim that the 'LOAN STATEMENT' is not an outrageous claim intended as a lure to create the status of dishonor in the undersigned.

44. Proof of claim that if the purported 'protest' did **occur in secret, the party allegedly in dishonor,** was not denied due process and the opportunity to handle his commercial affairs properly.

45. Proof of claim that the presumptions of the true 'claimant' have been attested to as true, correct, complete, and not misleading.

46. Proof of claim that the presumptions of the true 'claimant' have been attested to as true, correct, complete, and not misleading, from a 'claimant' party with personal knowledge.

47. Proof of claim that the presumptions of the true 'claimant' have been attested to as true, correct, complete, and not misleading, from the representatives of the 'claimant' party, ergo, the attorneys for said 'claimant' party, having personal knowledge.

48. Proof of claim that the attorneys for either or both the true creditor and/or its collection agency, do not know and cannot discover that the 'LOAN STATEMENT' is an outrageous claim designed to lure the undersigned into a dishonor.

49. Proof of claim that the attorneys for either or both the true creditor and/or its collection agency, do not know or cannot discover that the 'LOAN STATEMENT' is an outrageous claim designed to lure the undersigned into a dishonor, under the full commercial liability of each associated with the 'LOAN STATEMENT'.

50. Proof of claim that any controversy requiring settlement can be done by anything other than via payment of asset monies, to discharge the 'claims'/charges entered into bookkeeping entries, which the undersigned offers via this Conditional Acceptance.

51. Proof of claim that any controversy requiring settlement can be done by anything other than via payment of asset monies, no matter how long said establishment of the account takes, to insure proper and complete delivery of asset instruments.

52. Proof of claim that evidence (of the admissible kind) which establishes that if the undersigned is now offering settlement of the alleged 'claims', regardless of the nature of the debt, the identity of the 'debtor' and/or the method of settlement, in asset funds pending the establishment of said account, in order to permanently close the alleged account, the true creditor or its collection agency is not required to await the establishment of the asset money account.

53. Proof of claim that evidence (of the admissible kind) which establishes that the prior dishonor of the undersigned was anything other than inadvertent.

54. Proof of claim that the charges delineated in the LOAN STATEMENT are due and owing by the entity cited thereon.

## NOTICE

Failure of responding or rebutting, shall be deemed as agreement with the facts stated in the affidavit in support, hereto attached, mandating the immediate carrying out of the settlement negotiations, to demonstrate the performance obligation, now that the inadvertent dishonor is cured, by you or your agents, in order to maintain the honor bestowed by said draft. Your response must be in affidavit form, under your full commercial liability, rebutting each of my points, on a point-by-point basis, that the facts contained therein, are true, correct, complete and not misleading. Declarations are insufficient, as declarations permit lying by omission, which no honorable draft may contain.

Very truly yours,

Julio Victor Llanos

All reply's are to be mailed to:

Shashi Seth
423 Broadway Street
Milbrae, California 94030

Attachment:
Exhibit A

State of California County of ______
Subscribed and sworn to (or affirmed) before me
on this ___ day of ______ 20 ___,
by ______
personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me
Signature ______

J. RUIZ
COMM. #1572610
Notary Public - California
Alameda County
My Comm. Expires Apr. 24, 2009

San Francisco County )
)
Asseveration )
)
California state ) L. S. ______________ {SEAL}

The united States of America) only in capacity as beneficiary of the Original Jurisdiction

FIAT JUSTITIA, RUAT COELUM Let Right Be Done,
Though The Heavens Should Fall

**AFFIDAVIT in SUPPORT OF LETTER ROGATORY**

I, Julio Victor Llanos, in correct public capacity as beneficiary to the Original Jurisdiction, being of majority in age, competent to testify, a self realized entity, a free man upon the land, my yes be yes, my no be no, do state that the truths and facts herein are of first hand personal knowledge, true, correct, complete, certain, not misleading, so help me YHVH.

1. Affiant has not seen or been presented with any material fact or evidence that Julio Victor Llanos is obligated to perform to your demands and believes that none exists.

2. Affiant has not seen or been presented with any material fact or evidence that Julio Victor Llanos is the party receiving the value alleged as exchanged and believes that none exists.

3. Affiant has not seen or been presented with any material fact or evidence that Julio Victor Llanos and INDYMAC BANK had a meeting of the minds regarding the waiver of notice of protest and believes that none exists.

4. Affiant has not seen or been presented with any material fact or evidence that Julio Victor Llanos voluntarily waived notice of protest and believes that none exists.

5. Affiant has not seen or been presented with any material fact or evidence that Julio Victor Llanos was notified of a dishonor and believes that none exists.

6. Affiant has not seen or been presented with any material fact or evidence that the "LOAN STATEMENT" are not an attempt to defraud said party in order `to avoid conducting a costly investigation for the truth and believes that none exists.

7. Affiant has not seen or been presented with any material fact or evidence that the charges delineated in the "LOAN STATEMENT", aren't an attempt by an agent of a defrauding party to assign blame for an act NOT committed by the purported 'debtor', in order to avoid conducting the inquiry mandated by law and believes that none exists.

8. Affiant has not seen or been presented with any material fact or evidence that the charges delineated in the "LOAN STATEMENT", isn't an attempt by an agent of a defrauding party without first hand knowledge, and upon hearsay, to presume the undersigned owes a debt and believes that none exists.

9. Affiant has not seen or been presented with any material fact or evidence that Julio Victor Llanos received goods, services, or other benefits from the true creditor, for whom you, INDYMAC BANK, purport to be and believes that none exists.

10. Affiant has not seen or been presented with any material fact or evidence that INDYMAC BANK can and is willing to produce the original instrument contract Julio Victor Llanos is alleged to have created that makes him liable and believes that none exists.

11. Affiant has not seen or been presented with any material fact or evidence that INDYMAC BANK can and is willing to demonstrate the original instrument, which Julio Victor Llanos is alleged to have created, has not been endorsed over to other parties each time, if said instrument has changed hands and believes that none exists.

12. Affiant has not seen or been presented with any material fact or evidence that the original instrument, which Julio Victor Llanos is alleged to have created has not been endorsed over to a GSE (Government Sponsored Enterprise) and believes that none exists.

13. Affiant has not seen or been presented with any material fact or evidence that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that the application Julio Victor Llanos is alleged to have created, isn't a security agreement and believes that none exists.

14. Affiant has not seen or been presented with any material fact or evidence that Julio Victor Llanos's signature is on the original instrument Julio Victor Llanos is alleged to have created and believes that none exists.

15. Affiant has not seen or been presented with any material fact or evidence that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that the amount limit on the application isn't a line of credit and believes that none exists.

16. Affiant has not seen or been presented with any material fact or evidence that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that the amount limit on the application isn't the amount of the bond behind the security and believes that none exists.

17. Affiant has not seen or been presented with any material fact or evidence that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that the amount limit on the application isn't a line of credit, indicating that a third party is prepared to guarantee the 'applicant' is good for up to that amount and believes that none exists.

18. Affiant has not seen or been presented with any material fact or evidence that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that the bond underwrites the creation of the funds and believes that none exists.

19. Affiant has not seen or been presented with any material fact or evidence that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit and believes that none exists.

20. Affiant has not seen or been presented with any material fact or evidence that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit, which INDYMAC BANK can use whatever the 'applicant' does not' use' and believes that none exists

21. Affiant has not seen or been presented with any material fact or evidence that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit, which INDYMAC BANK uses for investments on return and believes that none exists.

22. Affiant has not seen or been presented with any material fact or evidence that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that INDYMAC BANK isn't the trustee on the account and believes that none exists.

23. Affiant has not seen or been presented with any material fact or evidence that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that INDYMAC BANK does not profit from the signature of the security agreement and believes that none exists.

24. Affiant has not seen or been presented with any material fact or evidence that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that INDYMAC BANK does not profit from the investments on the secured line of credit 'granted' by the application and believes that none exists.

25. Affiant has not seen or been presented with any material fact or evidence that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that INDYMAC BANK does not profit from the signature of the security agreement and believes that none exists.

26. Affiant has not seen or been presented with any material fact or evidence that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that the merchandise is merely the premium to induce the purchase of the debt and believes that none exists.

27. Affiant has not seen or been presented with any material fact or evidence that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that if the application Julio Victor Llanos is alleged to have created, is produced, that the party possessing said instrument, isn't required to give up the line of credit and believes that none exists.

28. Affiant has not seen or been presented with any material fact or evidence that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that if the application Julio Victor Llanos is alleged to have created, is produced, that the party possessing said instrument, isn't still using the line of credit, while INDYMAC BANK is demanding payment and believes that none exists.

29. Affiant has not seen or been presented with any material fact or evidence that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that the INDYMAC BANK isn't required to provide Julio Victor Llanos with the amount Julio Victor Llanos has paid in, to date and believes that none exists.

30. Affiant has not seen or been presented with any material fact or evidence that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that INDYMAC BANK cannot admit that Julio Victor Llanos has paid something to INDYMAC BANK, to date and believes that none exists.

31. Affiant has not seen or been presented with any material fact or evidence that Julio Victor Llanos willingly and knowingly accepted, or intended to accept extraordinary admiralty benefits for which you, your agency, or anyone at your agency, purport to collect and believes that none exists.

32. Affiant has not seen or been presented with any material fact or evidence that the INDYMAC BANK is prepared to identify the true creditor and believes that none exists.

33. Affiant has not seen or been presented with any material fact or evidence that the 'claims' made by INDYMAC BANK is predicated upon the verified claims of the true creditor 'claimant', as true, correct, complete, and not misleading and believes that none exists.

34. Affiant has not seen or been presented with any material fact or evidence that the 'claims' made by the INDYMAC BANK is predicated upon the verified claims of the true creditor/'claimant', and not the presumptions of the collection agent, unless said agent verifies that he/she can validate the ' claims' as true, correct, complete, and not misleading, under his/her/its full commercial liability and believes that none exists.

35. Affiant has not seen or been presented with any material fact or evidence that the purported protest assessed against the party allegedly in dishonor, was predicated upon something other than said dishonor and believes that none exists.

36. Affiant has not seen or been presented with any material fact or evidence that the purported protest assessed against the party allegedly in dishonor, was predicated upon something other than said dishonor, namely the 'substantive claim' and believes that none exists.

37. Affiant has not seen or been presented with any material fact or evidence that the purported protest assessed against the party allegedly in dishonor, was preceded with an opportunity to cure said dishonor, prior to the making of said demand, unless a waiver of notice of protest can be produced and believes that none exists

38. Affiant has not seen or been presented with any material fact or evidence that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, said 'protest' is permitted, in law, to **occur in secret** and believes that none exists.

39. Affiant has not seen or been presented with any material fact or evidence that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, said 'protest' is permitted, in law, to **underlie the filing of an any claim, once the dishonor is cured** and believes that none exists

40. Affiant has not seen or been presented with any material fact or evidence that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, said 'protest' is permitted, in law, to proceed , in the absence of evidence of disclosure the notice of dishonor/protest was waived.

41. Affiant has not seen or been presented with any material fact or evidence that there was a meeting of the minds between the undersigned and the alleged 'claimant' as to the notice of dishonor/protest and believes that none exists.

42. Affiant has not seen or been presented with any material fact or evidence that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, the drafter of the 'LOAN STATEMENT' is not required to re-draft purported 'claimant' for an affidavit, true, correct, complete, and not misleading, stating a claim and believes that none exists.

43. Affiant has not seen or been presented with any material fact or evidence that the 'LOAN STATEMENT' is not an outrageous claim intended as a lure to create the status of dishonor in the undersigned and believes that none exists.

44. Affiant has not seen or been presented with any material fact or evidence that if the purported 'protest' did **occur in secret, the party allegedly in dishonor,** was not denied due process and the opportunity to handle his commercial affairs properly and believes that none exists.

45. Affiant has not seen or been presented with any material fact or evidence that the presumptions of the true 'claimant' have been attested to as true, correct, complete, and not misleading.

46. Affiant has not seen or been presented with any material fact or evidence that the presumptions of the true 'claimant' have been attested to as true, correct, complete, and not misleading, from a 'claimant' party with personal knowledge and believes that none exists.

47. Affiant has not seen or been presented with any material fact or evidence that the presumptions of the true 'claimant' have been attested to as true, correct, complete, and not misleading, from the representatives of the 'claimant' party, ergo, the attorneys for said 'claimant' party, having personal knowledge and believes that none exists.

48. Affiant has not seen or been presented with any material fact or evidence that the attorneys for either or both the true creditor and or its collection agency, do not know and cannot discover that the 'LOAN STATEMENT' is an outrageous claim designed to lure the undersigned into a dishonor and believes that none exists.

49. Affiant has not seen or been presented with any material fact or evidence that the attorneys for either or both the true creditor and or its collection agency, do not know or cannot discover that the 'LOAN STATEMENT' is an outrageous claim designed to lure the undersigned into a dishonor, under the full commercial liability of each associated with the 'LOAN STATEMENT' and believes that none exists.

50. Affiant has not seen or been presented with any material fact or evidence that any controversy requiring settlement can be done by anything other than via payment of asset monies, to discharge the 'claims' charges entered into bookkeeping entries, which the undersigned offers via this Conditional Acceptance and believes that none exists.

51. Affiant has not seen or been presented with any material fact or evidence that any controversy requiring settlement can be done by anything other than via payment of asset monies, no matter how long said establishment of the account takes, to insure proper and complete delivery of asset instruments and believes that none exists.

52. Affiant has not seen or been presented with any material fact or evidence that evidence (of the admissible kind) which establishes that if the undersigned is now offering settlement of the alleged 'claims', regardless of the nature of the debt, the identity of the 'debtor' and or the method of settlement, in asset funds pending the establishment of said account, in order to permanently close the alleged account, the true creditor or its collection agency is not required to await the establishment of the asset money account and believes that none exists.

53. Affiant has not seen or been presented with any material fact or evidence that evidence (of the admissible kind) which establishes that the prior dishonor of the undersigned was anything other than inadvertent and believes that none exists.

54. Affiant has not seen or been presented with any material fact or evidence that the charges delineated in the LOAN STATEMENT are due and owing by the entity cited thereon and believes that none exists.

Further, Affiant saith not.

DATED: the twenty first day of the eigth month, in the year of our Lord, Two thousand and seven [August 21 AD 2007] near San Francisco, California.

Julio Victor Llanos in correct capacity as beneficiary of the Original Jurisdiction

Seal

J. RUIZ
COMM. #1572610
Notary Public - California
Alameda County
My Comm. Expires Apr. 24, 2009

JURAT:

SUBSCRIBED AND SWOKN TO before me by Julio Victor Llanos, moral sentient being, proven to me to be the flesh and blood woman signing this document this ____ day of August, 2007

State of California County of ____
Subscribed and sworn to (or affirmed) before me on this ____ day of ____ 20 07
by ____
personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
Signature ____

San Francisco County

Notary public for California ____

Letter Rogatory
Julio Victor Llanos
Escrow Number 67115943
Certified Mail Number 7006 3450 0001 2039 5487
Julio Victor Llanos
~~c/oO Box 65~~ 651 Templeton Ave J.LL.
~~Breckenridge, Minnesota~~ Daly City CA
Zip Code Exempt
[DMM 122.32] as amended

INDYMAC BANK
P.O. BOX 78826
PHEONIX, AZ 85062-8826

August 21, 2007

# NOTICE

***LETTER - ROGATORY***

RE: OFFER FOR SETTLEMENT AND CLOSURE VIA MUTUAL FACT FINDING

I, Julio Victor Llanos, hereby accepts for value and return for value, the, "LOAN STATEMENT" of INDYMAC BANK'S Loan Number 127410437 for the purpose of agreeing to fully cooperate by providing all responses necessary to effectuate settlement and closure of said investigation, and requesting that INDYMAC BANK'S Attorney join in the mutual resolution of any issues which may result after INDYMAC BANK'S Attorney conducts a full, well-rounded investigation to determine the need for further investigation from the undersigned. Said document, deemed a presentment, is labeled Exhibit A-1 and is attached to the Conditional acceptance.

In addition, you are also requested to send the attached affidavit (make one copy for each purported 'complainant', although you may disallow/disregard/disdain any reports from parties (a) unwilling to put their full commercial liability on the line by signing said affidavit; (b) attempting to use INDYMAC BANK'S Attorney or employees to continue to exact property as promised in Exhibit A-1, which resulted in an injury herein referenced as a way to bribing/inducing/influencing employees to generate harassing procedures against the undersigned, who do not have personal knowledge of the undersigned's intent, policies, practices, or compliance with the law.

Lastly, you are requested to designate which meaning of certain terms bearing various connotations, are used in the questions posed, so the undersigned may avoid presumptions as to the true intent of the question. Words like 'anyone', 'person', JULIO V. LLANOS or Julio Victor Llanos should not be presumed to be either the same, or interchangeable, or excluding or including limited groups or classes of people, if accurate responses are the true purpose of the investigation. The undersigned has no intent to dishonor any presentment, and desires to assist in the immediate resolution of 'real issues', but believes that the duty exists to save all parties unnecessary efforts which may do nothing except generate a fleeting joy for misguided employee attempting to pull out all stops to cause injury, embarrassment, and humiliation to the undersigned.

Therefore you are requested to initiate your investigation by focusing on the true reason said allegations were instigated, before unnecessary, pointless, and vindictive actions drive unprovoked and wasteful efforts to accommodate complainant's wrath against the undersigned.

Your responses to the following requests will form the basis for the undersigned's responses and duty to quell actual claims from true complainants, which is an obligation the undersigned welcomes, so the public may operate without interference.

**List of Requests necessary before the undersigned can determine if the intent is to harass by generating 'argument', controversy, and loss of good will, or to actually resolve an injury or damage**

**to a genuine complainant:**

1. Show that Julio Victor Llanos is obligated to perform to your demands.

2. Show that Julio Victor Llanos is the party receiving the value alleged as exchanged.

3. Show that Julio Victor Llanos and INDYMAC BANK had a meeting of the minds regarding the waiver of notice of protest.

4. Show that Julio Victor Llanos voluntarily waived notice of protest.

5. Show that Julio Victor Llanos was notified of a dishonor.

6. Show that the "LOAN STATEMENT" are not an attempt to defraud said party in order `to avoid conducting a costly investigation for the truth.

7. Show that the charges delineated in the "LOAN STATEMENT", aren't an attempt by an agent of a defrauding party to assign blame for an act NOT committed by the purported 'debtor', in order to avoid conducting the inquiry mandated by law.

8. Show that the charges delineated in the "LOAN STATEMENT", isn't an attempt by an agent of a defrauding party without first hand knowledge, and upon hearsay, to presume the undersigned owes a debt.

9. Show that Julio Victor Llanos received goods, services, or other benefits from the true creditor, for whom you, INDYMAC BANK, purport to be.

10. Show that INDYMAC BANK can and is willing to produce the original instrument contract Julio Victor Llanos is alleged to have created that makes him liable.

11. Show that INDYMAC BANK can and is willing to demonstrate the original instrument, which Julio Victor Llanos is alleged to have created, has not been endorsed over to other parties each time, if said instrument has changed hands.

12. Show that the original instrument, which Julio Victor Llanos is alleged to have created has not been endorsed over to a GSE (Government Sponsored Enterprise).

13. Show that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that the application Julio Victor Llanos is alleged to have created, isn't a security agreement.

14. Show that Julio Victor Llanos's signature is on the original instrument Julio Victor Llanos is alleged to have created.

15. Show that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that the amount limit on the application isn't a line of credit.

16. Show that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that the amount limit on the application isn't the amount of the bond behind the security.

17. Show that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that the amount limit on the application isn't a line of credit, indicating that a third party is prepared to guarantee the 'applicant' is good for up to that amount.

18. Show that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that the **bond** underwrites the creation of the funds.

19. Show that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit.

20. Show that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit, which INDYMAC BANK can use whatever the 'applicant' does not' use'.

21. Show that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit, which INDYMAC BANK uses for investments on return.

22. Show that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that INDYMAC BANK isn't the trustee on the account.

23. Show that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that INDYMAC BANK does not profit from the signature of the security agreement.

24. Show that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that INDYMAC BANK does not profit from the investments on the secured line of credit 'granted' by the application.

25. Show that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that INDYMAC BANK does not profit from the signature of the security agreement.

26. Show that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that the merchandise is merely the premium to induce the purchase of the debt.

27. Show that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that if the application Julio Victor Llanos is alleged to have created, is produced, that the party possessing said instrument, isn't required to give up the line of credit.

28. Show that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that if the application Julio Victor Llanos is alleged to have created, is produced, that the party possessing said instrument, isn't still using the line of credit, while INDYMAC BANK is demanding payment.

29. Show that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that the INDYMAC BANK isn't required to provide Julio Victor Llanos with the amount Julio Victor Llanos has paid in, to date.

30. Show that INDYMAC BANK or INDYMAC BANK'S attorneys do not know or cannot discover that INDYMAC BANK cannot admit that Julio Victor Llanos has paid something to INDYMAC BANK, to date.

31. Show that Julio Victor Llanos willingly and knowingly accepted, or intended to accept extraordinary admiralty benefits for which you, your agency, or anyone at your agency, purport to collect.

32. Show that the INDYMAC BANK is prepared to identify the true creditor.

33. Show that the 'claims' made by INDYMAC BANK is predicated upon the verified claims of the true creditor 'claimant', as true, correct, complete, and not misleading.

34. Show that the 'claims' made by the INDYMAC BANK is predicated upon the verified claims of the true creditor 'claimant', and not the presumptions of the collection agent, unless said agent verifies that he/she can validate the ' claims' as true, correct, complete, and not misleading, under his/her/its full commercial liability.

35. Show that the purported protest assessed against the party allegedly in dishonor, was predicated upon something other than said dishonor.

36. Show that the purported protest assessed against the party allegedly in dishonor, was predicated upon something other than said dishonor, namely the 'substantive claim'.

37. Show that the purported protest assessed against the party allegedly in dishonor, was preceded with an opportunity to cure said dishonor, prior to the making of said demand, unless a waiver of notice of protest can be produced.

38. Show that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, said 'protest' is permitted, in law, to **occur in secret**.

39. Show that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, said 'protest' is permitted, in law, to **underlie the filing of an any claim, once the dishonor is cured.**

40. Show that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, said 'protest' is permitted, in law, to proceed , in the absence of evidence of disclosure the notice of dishonor/protest was waived.

41. Show that there was a meeting of the minds between the undersigned and the alleged 'claimant' as to the notice of dishonor/protest.

42. Show that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, the drafter of the 'LOAN STATEMENT' is not required to re-draft purported 'claimant' for an affidavit, true, correct, complete, and not misleading, stating a claim.

43. Show that the 'LOAN STATEMENT' is not an outrageous claim intended as a lure to create the status of dishonor in the undersigned.

44. Show that if the purported 'protest' did **occur in secret, the party allegedly in dishonor,** was not denied due process and the opportunity to handle his commercial affairs properly.

45. Show that the presumptions of the true 'claimant' have been attested to as true, correct, complete, and not misleading.

46. Show that the presumptions of the true 'claimant' have been attested to as true, correct, complete, and not misleading, from a 'claimant' party with personal knowledge.

47. Show that the presumptions of the true 'claimant' have been attested to as true, correct, complete, and not misleading, from the representatives of the 'claimant' party, ergo, the attorneys for said 'claimant' party, having personal knowledge.

48. Show that the attorneys for either or both the true creditor and/or its collection agency, do not know and cannot discover that the 'LOAN STATEMENT' is an outrageous claim designed to lure the undersigned into a dishonor.

49. Show that the attorneys for either or both the true creditor and/or its collection agency, do not know or cannot discover that the 'LOAN STATEMENT' is an outrageous claim designed to lure the undersigned into a dishonor, under the full commercial liability of each associated with the 'LOAN STATEMENT'.

50. Show that any controversy requiring settlement can be done by anything other than via payment of asset monies, to discharge the 'claims' charges entered into bookkeeping entries, which the undersigned offers via this Conditional Acceptance.

51. Show that any controversy requiring settlement can be done by anything other than via payment of asset monies, no matter how long said establishment of the account takes, to insure proper and complete delivery of asset instruments.

52. Show that evidence (of the admissible kind) which establishes that if the undersigned is now offering settlement of the alleged 'claims', regardless of the nature of the debt, the identity of the 'debtor' and or the method of settlement, in asset funds pending the establishment of said account, in order to permanently close the alleged account, the true creditor or its collection agency is not required to await the establishment of the asset money account.

53. Show that evidence (of the admissible kind) which establishes that the prior dishonor of the undersigned was anything other than inadvertent.

54. Show that the charges delineated in the LOAN STATEMENT are due and owing by the entity cited thereon.

## NOTICE

**Failure of responding or rebutting, shall be deemed as agreement with the facts stated in the affidavit in support, hereto attached,** mandating the immediate carrying out of the request to correct the record, and, in the absence of a certificate of claim, cease and desist any attempted collection of non owing debt, by you or your agents, in order to maintain the honor bestowed by said draft. Your response must be in affidavit form, under your full commercial liability, rebutting each of my points, on a point-by-point basis, that the facts contained therein, are true, correct, complete and not misleading. Declarations are insufficient, as declarations permit lying by omission, which no honorable draft may contain.

Very truly yours,

Julio Victor Llanos

All reply's are to be mailed to:

Shashi Seth
423 Broadway Street
Milbrae, California 94030

Attachment: (Affidavit)

State of California County of ______
Subscribed and sworn to (or affirmed) before me
on this ___ day of ______, 20___,
by ______
personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me
Signature ______

J. RUIZ
COMM. #1572610
Notary Public - California
Alameda County
My Comm. Expires Apr. 24, 2009
NR01

## CERTIFICATE OF SERVICE

On this 22 day of August, 2007, I served the following by Certified Mail Number 7006 3450 0001 2039 5487, Return Receipt Requested.

Conditional Acceptance, Letter Rogatory and Affidavit in support of Letter Rogatory, subscribed by Julio Victor Llanos to the following party.

INDYMAC BANK
P.O. BOX 78826
PHEONIX, AZ 85062-8826

'I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, certain, complete and not misleading.. Executed on this ____ th day of August, 2007

~~Shashi Seth, Notary Acceptor~~
Victor Alexander Caceres

State of California County of Santa [illegible]
Subscribed and sworn to (or affirmed) before me
on this 22 day of August 2007
by Victor Alexander Caceres
personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
Signature ____________

J. RUIZ
COMM. #1572610
Notary Public - California
Alameda County
My Comm. Expires Apr. 24, 2009

Certificate of Non Response of the
Conditional Acceptance, Letter Rogatory and Affidavit
Julio-Victor: Llanos
Escrow Number 67115943
Certified Mail Number 7006 3450 0001 2035 3814

Julio-Victor: Llanos
651 Templeton Avenue
Daly City, California
Zip Code Exempt
[DMM 122.32] as amended

INDY MAC
P.O. BOX 78826
PHOENIX, AZ 85062-8826
J.LL
September 11, 2007

# NOTICE

# CERTIFICATE OF NON-RESPONSE

California State }
SAN MATEO ~~San Francisco~~ County } Scilicet
}

**COMMERCIAL OATH AND VERIFICATION**

RE: NON-RESPONSE to Private Conditional Acceptance for Honor for Value and Proof of Claim in the nature of Request for discovery to exhaust s Private Administrative Remedy in the matter of Julio-Victor: Llanos v. INDY MAC.

"Indeed, no more that (affidavits) is necessary to make a prima facia case." United States v. Kis, 658 F2d 526, 536 (7th Cir. 1981); Cert Denied, 50 US LW 2169; S. Ct. March 22, 1982.

That I, Shashi Seth, a Notary, of the STATE OF California, in good standing, being first duly sworn, depose and say and declare by my signature that the following facts are true, correct and complete and not misleading, with first hand knowledge of the facts stated below.

I, Shashi Seth, the undersigned, a Third Party, not a party to the matter, certify that a Private Conditional Acceptance for Honor and Value in the Nature of a Request for Discovery was sent by the undersigned to INDY MAC, via Certified Mail # *7006 3450 0001 2039 5487,* Return Receipt Requested with Certified Mail Number contained thereon, which was mailed by the undersigned on the 23 day of August, 2007

1. That the evidence shows that INDY MAC, named in this administrative remedy was duly served by Certified Mail on and before September 11, 2007 AD.

2. That INDY MAC had 3 days to answer and the 3 days to answer concluded on August 26, 2007 AD including the 3 additional; days for mailing.

3. That this CERTIFICATE OF NON RESPONSE is served on September 11, 2007, with 3 day to respond beginning the day after service and an additional 3 days for mailing the response.

4. Julio-Victor: Llanos is offering INDY MAC an opportunity to cure the Dishonor.

6. That no response to the initial correspondence is evidenced by U.S. MAIL or any private carrier.

Page 1 of 2 Pages

Certificate of Non Response of the
Conditional Acceptance, Letter Rogatory and Affidavit
Julio-Victor: Llanos
Escrow Number 67115943
Certified Mail Number 7006 3450 0001 2035 3814

7. That INDY MAC is in Dishonor, without recourse, and is found in agreement and harmony with Julio-Victor: Llanos's Private Administrative Remedy.

8. Shashi Seth further sayeth naught.

SUBSCRIBED AND SWORN ______________________
Shashi Seth, Notary Acceptor

The above named affiant, personally known to me, appeared before me a Notary, Sworn and under Oath this 14 day of SEPT, 2007..

______________________

Notary Seal

SMITA SHETH
Commission # 1625185
Notary Public - California
San Mateo County
My Comm. Expires Nov 29, 2009

Page 2 of 2 Pages

Certificate of Service of Certificate of Non Response to
Conditional Acceptance, Letter Rogatory and Affidavit
Julio-Victor: Llanos
Escrow Number 67115943
Certified Mail Number 7006 3450 0001 2035 3814

# CERTIFICATE OF SERVICE

On this 14 day of September, 2007, I served the following by Certified Mail Number 7006 3540 0001 2035 3814 Return Receipt Requested.

1. CERTIFICATE OF NON RESPONSE, subscribed by Julio-Victor: Llanos to the following party.

INDY MAC
P.O. BOX 78826
PHEONIX, AZ 85062-8826

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, certain, complete and not misleading.. Executed on this 14th day of September, 2007

Shashi Seth, Notary Acceptor

State of California, County Of San Mateo
Subscribed & sworn before me
On 14 day of Sept, 2007
By JULIO V LLANOS
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature

SHASHI SHETH
Commission # 1618359
Notary Public - California
San Mateo County
My Comm. Expires Nov 30, 2009

Certificate of Dishonor of the
Conditional Acceptance, Letter Rogatory and Affidavit
of Julio-Victor:Llanos
Escrow Number 67115943
Certified Mail Number 7006/0220 0001 6757 8835

Julio-Victor:Llanos
651 Templeton Avenue
Daly City, California
Zip Code Exempt
[DMM 122.32] as amended

INDY MAC
P.O. BOX 78826
PHEONIX, AZ 85062-8826

October 5, 2007

## NOTICE

# CERTIFICATE OF DISHONOR

This Notarized Document is the official **CERTIFICATE OF DISHONOR** of the CONDITIONAL ACCEPTANCE, LETTER ROGATORY and AFFIDAVIT IN SUPPORT OF LETTER ROGATORY

### NOTARIAL PROTEST CERTIFICATE

1. Julio-Victor:Llanos has recruited the Notary Public, Shashi Seth, authorized to certify dishonor of the Conditional Acceptance, Letter Rogatory and Affidavit in Support of Letter Rogatory, and to present this **ADMINISTRATIVE JUDGMENT BY ESTOPPEL** against INDY MAC in accordance with UCC 3-505.

### COMMERCIAL OATH AND VERIFICATION

SAN MATEO
~~San Francisco~~ County )

California state )

Notary Acceptor, Shashi Seth, under her Commercial Oath with unlimited liability, proceeding in good faith, being of sound mind states that the facts contained herein are true, correct, complete and not misleading of my private first hand knowledge and belief under penalty of International Commercial Law.

1. That the evidence shows that the parties listed above were duly served with a CERTIFICATE OF NON RESPONSE. by Certified Mail, Return Receipt Requested on September 14, 2007 AD.
2. That the three (3) days to answer concluded on September 18, 2007 AD.

Certificate of Dishonor of the
Conditional Acceptance, Letter Rogatory and Affidavit
of Julio-Victor:Llanos
Escrow Number 67115943
Certified Mail Number 7006 0220 0001 6757 8835

3. That the three (3) days for the return mailing concluded on September 21, 2007. AD

4. That the three (3) days for the OPPURTUNITY TO CURE THE DISHONOR concluded September 21, 2007 AD.

5. That the above named parties are now in **DISHONOR**

Notary Acceptor further sayeth naught.

SUBSCRIBED AND SWORN Shashi Sheth
Shashi Seth, Notary Acceptor

The above Affidavit is certified true, correct, complete, certain, and not misleading, under the penalty of Perjury.

By: Shashi Sheth a Notary Public under court seal in her capacity as a Notary in good standing with the STATE OF CALIFORNIA

(Seal)

On this, the 16 day of October, 2007, before me a Notary Public, the above, personally appeared, Shashi Seth, known to me, or satisfactorily proven to be the being whose name is subscribed to the within instrument, and acknowledged that she executed the same for the purpose therein contained.

In Witness Whereof, I have hereunto set my hand and Notarial Seal.

Smita Sheth
Notary Public

Seal

SMITA SHETH
Commission # 1625185
Notary Public - California
San Mateo County
My Comm. Expires Nov 29, 2009

CERTIFICATE OF DISHONOR

Page 2 of 2 Pages

Certificate of Service of
Certificate of Dishonor of the
Conditional Acceptance, Letter Rogatory and Affidavit
of Julio-Victor: Llanos
Escrow Number 67115943
Certified Mail Number 7007 0220 0001 6757 8835

## CERTIFICATE OF SERVICE

On this 16 day of October, 2007, I served the following by Certified Mail Number 7007 0220 0001 6757 8835, Return Receipt Requested.

1. CERTIFICATE OF DISHONOR, subscribed by Julio-Victor: Llanos to the following party.

INDY MAC
P.O. BOX 78826
PHEONIX, AZ 85062-8826

'I certify under penalty of perjury under the laws of the United States of America that the foregoing is true, correct, complete, certain, and not misleading..

Executed on this 16 th day of October, 2007

Shashi Seth, Notary Acceptor

State of California, County Of San Mateo
Subscribed & sworn before me
On 16 day of OCT, 2007
By JULIO V LLANOS
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature

SHASHI SHETH
Commission # 1618359
Notary Public - California
San Mateo County
My Comm. Expires Nov 30, 2009

Invoice

Julio-Victor: Llanos
651 Templeton Avenue
Daly City, California
Zip Code Exempt
[DMM 122.32] as amended

INDY MAC
P.O. BOX 78826
PHEONIX, AZ 85062-8826

October 5, 2007

# NOTICE

# I N V O I C E

## NOTICE FOR DEMAND AND SETTLEMENT, FOR CLOSING OF THE

## ESCROW NUMBER 67115943

**INDY MAC, having failed to respond to the Private Remedy to correct the injury to Julio-Victor: Llanos, have agreed to the following True Bill in the amount stated on the invoice.**

**ACCOUNTING AND TRUE BILL**

CLEOPATRA HASLIP et al.
v.
PACIFIC MUTUAL LIFE INSURANCE, INC.
499 U.S.1, 113 Fed 2d 1, 111 S.Ct. 1032 (no. 89-1279)

For Conversion — 4 times for Compensatory Damages
200 times for Punitive Damages

**ACCOUNTING AND TRUE BILL**

Libellant is entitled to return of all funds paid by JULIO V. LLANOS for the year (s) 2006 and 2007 where Libellant paid monthly payments, plus all late fees and interest fraudulently charged, and $75.00 per hour for all time spent on all letters to INDY MAC personnel and "Acceptance for Value" paperwork through October 5, 2007.

| | | |
|---|---|---|
| **CONVERSION FOR UNAUTHORIZED ACTS AGAINST SECURED PROPERTY**<br><br>**COMPUTED AS FOLLOWS** | | |
| | | |
| $ 16,536.00 | | Sum Certain of Actual Cost Funds |
| X 4. | | Rights Violations Compensation Multiplier |
| $ 66,144.00 | | Compensatory Damages |
| | | |

Invoice

| | | |
|---|---|---|
| $ 66,144.00 | | Sum Certain of Actual Cost Funds |
| X 200.00 | | Punitive Damages Multipliers |
| $ 13,228,800.00 | | Punitive Damages |
| | | |
| $ 66,144.00 | | Compensatory Damages |
| $ 13,228,800.00 | | Punitive Damages |
| $ 13,294,944.00 | | Total Damages for Conversion |
| | | |

**SUM CERTAIN FOR CONVERSION**

$ 13,294,944.00 October 5, 2007

THIRTEEN MILLION TWO HUNDRED NINETY FOUR THOUSAND NINE HUNDRED FOURTY FOUR AND NO/100 DOLLARS

"Libellant reserves the right to amend and correct and adjust the accounting and True Bill"

"Libellant reserves the right to amend and correct and adjust the accounting and True Bill"

The progressive Sum Certain in US Dollars is in numerical parity with the Euro Dollar and any other superior currency backed by gold. Sum Certain may also be paid in any numerical value in gold and equal value in real property and natural resources, and any agreeable combination of the above.

Julio-Victor: Llanos, Creditor, Secured Party

State of California, County Of San Mateo
Subscribed & sworn before me
On 16 day of OCT, 2007
By JULIO VICTOR LLANOS
Proved to me on the basis of satisfactory evidence
to be the person(s) who appeared before me.

Signature ____________

SHASHI SHETH
Commission # 1618359
Notary Public - California
San Mateo County
My Comm. Expires Nov 30, 2009